■ In the Matter of the Claim of JOHN C. HOUCK, JR., Respondent, v. WARNER H. BUSH et al., Doing Business as BUSH'S MUSIC & RADIO HOUSE, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and carrier from an award of disability compensation. Appellants raise the questions of accident and causal relation. After an illness claimant was employed as a truck driver and service man for electrical appliances with the express understanding that he would not be required to do any heavy lifting. The employer provided two helpers who lifted heavy appliances while claimant only drove the truck and performed the service work. On May 7 and 8, 1959, one of the helpers was suffering from a hernia and claimant was obliged to do heavy lifting. On May 7 he helped lift a piano, and while doing so became nauseated, and on May 8 he helped lift and carry two heavy refrigerators, one down a flight of steps and the other up a flight of steps. He testified that he suffered chest pains during these activities, and upon his return home that night (May 8) the pains became very severe. The following

morning, although he told his employer he did not feel well, he was sent to Geneva to repair a washing machine. While he was driving the truck he suffered a severe heart attack and asked a coemployee to drive him home, which was done. A doctor was called, he was hospitalized, and it was found that he had suffered a coronary occlusion. Appellants' argument seems to be that because the final and disabling attack occurred while he was performing his usual duties of driving the truck and was not at the moment engaged in any unusual arduous work, that there was no accident. However, there is medical testimony that the lifting of the refrigerators and the piano on May 7 and 8 caused the coronary occlusion. Even the carrier's medical witness conceded "that it is necessary to consider, at least the possibility of the exertion of those two days as being a final precipitating factor in the ultimate myocardial infarction." Substantial evidence supports the award. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.